BRIAN STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    kathryn.haun@usdoj.gov; william.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>SHAUN W. BRIDGES & CARL MARK FORCE<br><br>   Defendants. | 15-CR-0319-RS<br><br>**NOTICE OF RELATED CASES**<br><br>**FILED UNDER SEAL** |
| UNITED STATES OF AMERICA<br><br>   v.<br><br>BTC-E, A/K/A CANTON BUSINESS CORPORATION, ANDREY NIKONOROV, STANISLAV GOLOVANOV, ALEXANDER BUYANOV, and ALEXANDER VINNIK,<br><br>   Defendants. | 16-CR-227-SI (UNDER SEAL) ✓ |

1 | BRIAN STRETCH (CABN 163973)
United States Attorney

2

DAVID R. CALLAWAY (CABN 121782)
3 | Chief, Criminal Division

4 | KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
5 | Assistant United States Attorneys

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
7 | Telephone: (415) 436-7200
FAX: (415) 436-6753
8 | kathryn.haun@usdoj.gov; william.frentzen@usdoj.gov

9 | Attorneys for United States of America

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

14 | UNITED STATES OF AMERICA     )     15-CR-0319-RS
                                )
15 |     v.                      )
                                )
                                )     **NOTICE OF RELATED CASES**
16 | SHAUN W. BRIDGES & CARL MARK )
     FORCE                       )     **FILED UNDER SEAL**
17 |                             )
                                )
18 |     Defendants.             )
                                )
19 | _____)
                                )     16-CR-227-SI (UNDER SEAL)
                                )
20 | UNITED STATES OF AMERICA     )
                                )
21 |     v.                      )
                                )
                                )
22 | BTC-E, A/K/A CANTON BUSINESS )
     CORPORATION,                )
23 | ANDREY NIKONOROV,            )
     STANISLAV GOLOVANOV,        )
24 | ALEXANDER BUYANOV, and      )
     ALEXANDER VINNIK,           )
25 |                             )
                                )
26 |                             )
         Defendants.             )
27 |                             )
     _____)

28

The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the above-captioned criminal cases are related.

The first case involved an investigation into two former federal agents who were members of the Baltimore Silk Road Task Force. It involved crimes ranging from obstruction to extortion to money laundering, and stemmed principally from the defendants' theft and use of Bitcoin, a digital currency. The Court may recall that FORCE was alleged to have sent at least $235,000 in criminal proceeds to an offshore digital currency exchange, BTC-e, for laundering. What the Court may not be aware of is that the government is continuing to investigate BRIDGES for additional crimes involving theft of bitcoin (and laundering of that bitcoin) that defendant BRIDGES committed after entering his Plea Agreement in this case. The government's investigation to date reveals that those additional stolen bitcoin went to BTC-e, the same offshore digital currency exchange.

The second case is a case against that offshore digital currency exchange, i.e. BTC-e, and its known operators and administrators and benefactors. The charges recently returned by the Grand Jury are for conspiracy to commit money laundering in violation of 18 U.S.C. Section 1956(h) and for operation of an unlicensed money service business in violation of 18 U.S.C. Section 1960. The FORCE and BRIDGES conduct is alleged in the Indictment of this new second case as one of several specified unlawful activities (SUA) giving rise to the money laundering charges in the first case.

It should be noted that the defendants in the second case are believed to currently be in Russia, such that the second case will remain under seal until such time as the defendant(s) may be apprehended, perhaps while on travel, through the process of international collaboration and possibly through extradition proceedings. In other words, it is likely that the second case will remain under seal for quite some time, even though the first case is not under seal.

The government therefore brings this to the attention of the Court since (1) both actions concern the same alleged transactions; and (2) both actions appear likely to entail substantial duplication of labor if heard by different Judges, especially given the nature of the new form of technologies and currencies used, i.e. Bitcoin, blockchain analysis, etc. The expert witness(es) in each case are the same, and the lead case agent is also the same for both cases.

For these reasons, the government submits that the Court may find that it is appropriate to relate the cases.

Dated: June 13, 2016

/s/
KATHRYN HAUN
WILLIAM FRENTZEN
Assistant United States Attorneys