JODI LINKER
Federal Public Defender
Northern District of California
DAVID W. RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  david_rizk@fd.org

Counsel for Defendant VINNIK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER VINNIK, <br><br> Defendant. | Case No.: 16-227 SI <br><br> **DEFENDANT'S STATUS REPORT AND REQUEST FOR DISCOVERY DEADLINES** |

The defense provides this status report in advance of the conference to be held on December 16, 2022, to alert the Court to several issues Mr. Vinnik intends to raise.

1. **Discovery**

Defendant Alexander Vinnik requests that the Court impose deadlines for the government's production of discovery because he has received extremely minimal productions to date while he remains custody—without any reasonable justification from the government. *See* N.D. Cal. Local Rule 16-1(b) (court may set discovery deadlines upon a party's motion after the parties meet and confer). The parties have met and conferred regarding discovery

several times, and the government's position is that no deadlines are necessary. The defense disagrees for the reasons set forth below.

The original Indictment in this case was filed in 2016, and the operative Superseding Indictment was filed in January 2017—nearly six years ago. The government has repeatedly indicated to the defense that there is very, very voluminous evidence in this case, encompassing dozens of search warrants for email, social media, and bank accounts, as well as many terabytes of data attributable to digital devices and multiple servers that were seized by the government *years ago*. Although Mr. Vinnik has been in custody and extradition proceedings since his arrest in July 2017, and made his initial appearance in this District on August 5, 2022, the government has produced minimal discovery in the last four and a half months.

So far, Mr. Vinnik has received approximately 2,500 pages of discovery, encompassing a handful of search warrant applications, approximately 300 pages of reports of investigation (ROIs), limited materials from select online accounts, some photographs of his arrest, and miscellaneous other documents such as a copy of his passport. Numerous technology and financial services firms received search warrants in this case, and Google *alone* searched and produced the contents of at least around 20 email accounts—from which defense counsel has only received a partial production. The government has also repeatedly failed to meet its own informal deadlines and timetables it has set along the way. For example, the first production of 250 pages was delayed for weeks, reportedly due to technical problems processing the discovery. While defense counsel appreciates that technical glitches sometimes occur, this case has been on file for far too long to such delays. To take another example, the selected Homeland Security ROIs produced in the case indicate that they were accessed internally for production in mid-August—but they were not turned over to defense counsel until a week ago. No explanation has been provided for the belated production of these materials. The most recent and largest production to date, received on December 9, 2022, was also produced belatedly and appears to be limited. The government represented that it would include approximately 30 GB of materials from numerous different email accounts, it appears to include just 2 GB of materials. No significant financial records have been produced to date.

Finally, although on December 9, 2022, the government finally invited the defense to provide the U.S. Secret Service with a 4 TB hard drive to obtain copies of seized digital devices, no explanation has been offered as to why the devices were not turned over months ago, given that the government has had multiple years to prepare the discovery for production.

Finally, although on December 9, 2022, the government finally invited the defense to provide the U.S. Secret Service with a 4 TB hard drive to obtain copies of seized digital devices, no explanation has been offered as to why the devices were not turned over months ago, given that the government has had multiple years to prepare the discovery for production.

In sum, these delays have wasted months of trial preparation time while Mr. Vinnik languishes in custody. He is understandably extremely upset and feels that he should be granted bail or perhaps invoke his right to a speedy trial since the government has not made good on its promises to produce the evidence in this case. Usually, undersigned defense counsel does not believe it is necessary to invoke Local Rule 16-1(b) to request that deadlines be imposed because the government makes substantial productions within days of the initial appearance. That, unfortunately, is not what happened here, and ultimately, where the government has had years to prepare to meet its discovery obligations, it is unacceptable for the government to move for detention and then fail to make substantial productions promptly. Therefore, the defense respectfully requests an order directing the government to produce the following discovery within 60 days:

      a. All search warrants and returns for all digital data (excluding the Softlayer and Equinix servers for BTC-e) and financial records.

      b. All ROIs.

      c. All devices and all documents regarding the chain of custody.

      d. All documents in the government's possession relating to the French criminal case and Greek extradition proceedings against Mr. Vinnik.

The government has indicated that it believes it can meet the defense's proposed schedule, but maintains that no court-ordered deadline is necessary. To Mr. Vinnik's disappointment, the government's track record in this case demonstrates otherwise.

**2. Protective Order**

Mr. Vinnik has recently been the subject of serious discussions between the United States and Russia regarding a proposed prisoner swap, and defense counsel intends to move to

amend the Protective Order (PO) for the purpose of advocating for Mr. Vinnik's inclusion in such a swap.

By way of background, the dual-level PO places limitations on the defense's use of *all discovery* in the case, and additional restrictions on designated "Sensitive" information. Here, the issue is only the former. The PO (1) provides that all discovery may only be used by defense counsel "in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding," and (2) specifically prohibits defense counsel from disclosing any discovery to third parties unless (a) they are witnesses, or (b) the disclosure is otherwise necessary to defend the case. *See* Dkt. No. 29 at 2. Defense counsel vigorously objected to these unusually restrictive provisions when the PO was negotiated back in September 2022, and requested a justification for the restriction from the government, but none was ever provided. Rather that delay discovery by litigating this issue, the defense reserved the objections and provisionally agreed to the PO in order to receive prompt access to significant discovery—which, as set forth above, the government still has not provided.

It is the government's burden to show "good cause" to justify a particular restriction on the defense's use of discovery in a protective order. *See* Fed. R. Crim. P. 16(d)(1). Good cause requires "a showing that disclosure will work a clearly defined and serious injury[.]" *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as amended* (July 2, 2007); *see also United States v. Bundy*, No. 2:16-CR-046-GMN-PAL, 2016 WL 7030431, at *3 (D. Nev. Nov. 30, 2016) ("Good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." (internal quotation marks omitted)).

The defense has met and conferred with the government about this issue on several occasions recently, and the government remains unable to identify any "good cause" for the challenged restrictions. Instead, defense counsel was told that government counsel is "not authorized" to agree to a modification—presumably by superiors at the Department of Justice (DOJ). The reality is that little to no discovery has even been designated "Sensitive" under the PO, and the vast majority of discovery is undesignated and can therefore be freely and publicly disclosed in this proceeding without sealing it. Logically speaking, it is therefore very hard to

imagine how the government could possibly be seriously injured by public disclosure of this same, undesignated information in the context of advocating for a prisoner swap.

The national press has reported, and defense counsel has been informed by multiple sources, that DOJ, unlike the Department of State and other agencies, strongly opposes such prisoner swaps because they do not advance its particular bureaucratic priorities. This appears to be the real reason that DOJ is refusing to permit defense counsel to use any discovery materials whatsoever—including undesignated information that can be publicly disclosed in this case—for the purpose of advocating for a swap that includes Mr. Vinnik.

There is more to the story, but the defense will reserve its additional points and authorities for Mr. Vinnik's forthcoming motion to amend the PO, which will likely include a request that it be briefed and adjudicated on an expedited timeline.

### 3. Count 1

The parties agree that Greece declined to extradite Mr. Vinnik to the United States for proceedings on Count 1, which alleges a violation of 18 U.S.C. § 1960 (Operation of an Unlicensed Money Service Business). As a result, the United States cannot proceed to trial against Mr. Vinnik on Count 1 at this time. Mr. Vinnik was arraigned on Count 1 at his initial appearance because government counsel was not aware of the limitation imposed by Greece on Mr. Vinnik extradition. The government anticipates dismissing Count 1 at the conclusion of the case when the remaining charges have been resolved.

June 29, 2022
Dated

JODI LINKER
Federal Public Defender
Northern District of California

        /S        
DAVID W. RIZK
Assistant Federal Public Defender