# Exhibit A

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CLAUDIA QUIROZ (CABN 254419)
Assistant United States Attorney
C. ALDEN PELKER (MD)
Trial Attorney
Computer Crime & Intellectual Property Section
United States Department of Justice

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7428
     FAX: (415) 436-7234
     claudia.quiroz@usdoj.gov
     catherine.pelker@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 16-00227 SI |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER [PROPOSED] |
| v. | |
| BTC-E, A/K/A CANTON BUSINESS CORPORATION, | |
| and | |
| ALEXANDER VINNIK, | |
| Defendants. | |

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

1

With the agreement of the parties, the Court enters the following Protective Order:

1.     Defendant is charged with in a 21-count indictment with the following offenses: Operation of an Unlicensed Money Services Business, in violation of 18 U.S.C. § 1960 (Count One); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) (Counts Three through Nineteen); and Engaging in Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Counts Twenty through Twenty-One).  Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel.

2.     All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") may be used by the defendant and defense counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.  Neither the defendant nor any member of the Defense Team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Sensitive Information within the meaning of this Order—to any third party (i.e., any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court.

3.     The United States will identify certain discovery materials as Sensitive Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Sensitive Information.  Sensitive Information is defined as:

   a.   Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

   b.   Financial Identifying Information of any individual or business, including bank

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

2

account numbers, credit or debit card numbers, account passwords, and taxpayer

identification numbers ("Financial Identifying Information");

c.  Medical records or other patient information of any individual covered by the Health

Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical

Information");

d.  Information that could reveal sensitive sources, techniques, information, or methods,

including information pertaining to technical or confidential human sources; and

e.  Information regarding the existence and/or identities of other targets of the

investigation.

4.      The government shall exercise reasonable care in determining which discovery materials should be designated as Sensitive Information in order to avoid the over-designation of discovery materials as Sensitive Information.

5.      Defense counsel and their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Sensitive Information, unless the Sensitive Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Sensitive Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

6.      The Defense Team may show witnesses Sensitive Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

or show the witness Sensitive Information.  Witnesses may only view Sensitive Information in the presence of the Defense Team.  No witness or potential witness may retain copies of discovery material that contains Sensitive Information after his or her review of those materials with the Defense Team is complete.

7.    Defense counsel may also provide unredacted copies of Sensitive Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the Defense Team, and any experts who receive Sensitive Information under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

8.    The Defense Team shall maintain Sensitive Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Sensitive Information except as set forth in this Protective Order.

9.    This Order shall also apply to any copies made of any Sensitive covered by this Order.

10.    If a party files a pleading that contains or attaches Sensitive Information subject to this Order, the Sensitive Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

11.    After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Sensitive Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Sensitive Information and ensure that the Sensitive Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

**Scope of this Order**

1        12.    **Modification Permitted.**  This stipulation is without prejudice to either party applying to

2   the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this

3   Order upon motion of either party even after the conclusion of district court proceedings in this case.

4        13.    **No Waiver**.  The failure by the United States to designate any materials as " Sensitive

5   Information" upon disclosure shall not constitute a waiver of the United States' ability to later designate

6   the materials as  Sensitive Information.

7        14.    **Disputes**.  The parties shall meet and confer prior to presenting any disputes arising

8   under this Order, such as whether materials should be designated Sensitive Information, to the Court for

9   adjudication.

10        15.    **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling

11   on the question of whether any particular material is properly discoverable or admissible and does not

12   constitute any ruling on any potential objection to the discoverability of any material.

13

14

15   **IT IS SO STIPULATED.**            STEPHANIE M. HINDS

16                                        United States Attorney

17

18   Dated:                                 ___/s/_____

19                                        CLAUDIA QUIROZ
                                   Assistant United States Attorney

20                                      C. ALDEN PELKER
                                   Trial Attorney, CCIPS Assistant United States

21                                      Attorney

22

23                                       ___/s/_____

24                                       DAVID RIZK
                                   Counsel for Defendant ALEXANDER VINNIK

25

26   **IT IS SO ORDERED.**

27

28   STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

                          5

1

2      Dated: _____        _____
                                                 SUSAN ILLSTON
3                                                United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

1     **By initialing below, I acknowledge that I have been provided and have reviewed a copy of**

2  **this Order and hereby agree to be bound by its terms:**

3

4

| INITIALS | DATE |
|----------|------|
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |
|          |      |