JODI LINKER
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:        david_rizk@fd.org

Counsel for Defendant VINNIK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER VINNIK,<br><br>Defendant. | **Case No.:** 16-CR-227 SI<br><br>**DEFENDANT'S STATUS REPORT** |

Defendant Alexander Vinnik submits this status report and proposed order in advance of the status hearing on June 30, 2023, to apprise the Court of the defense's position concerning pretrial deadlines in advance of trial and address the protective order.

## I.    Pretrial Schedule of Deadlines.

At the last hearing, on June 9, 2023, the parties and the Court tentatively agreed to a trial date of February 5, 2023, and the defense proposed to meet and confer with the government concerning a schedule of deadlines before trial. On June 21, 2023, defense counsel sent the government a

proposed schedule, and yesterday the government sent undersigned its own proposal. *See* Ex A (comparison). Unfortunately, the two schedules are very different and the parties are unable to agree.

The defense's schedule of deadlines is itself very ambitious, given the enormous scale of this case (which appears to be the largest case ever handled by the Federal Public Defender's Office in this district, based on the amount of discovery produced already) and it will be an extraordinary staffing challenge for the Federal Public Defender to prepare for trial as the defense proposes. However, Mr. Vinnik has now been in custody for almost *six years* as a result of the government's efforts to indict him, have him arrested, extradited, and then detained prior to trial as a flight risk. Mr. Vinnik enjoys the right to a speedy trial and at this point he wants the fastest trial practicable that enables him to prepare a defense. With the defense's schedule, the Court receives a firm commitment from the defense to do whatever is possible to avoid moving for a continuance of the trial. The government's schedule, which envisions the majority of disclosures to occur just weeks before trial and in some instances even after briefing and the pretrial conference has already occurred, is a recipe for serial litigation at the eleventh hour and virtually certain to force a request from the defense to continue the trial date—an outcome that is unfair and unacceptable for Mr. Vinnik.

By contrast, the defense's proposal accounts for (1) the vast amount of discovery in the case, (2) the scale of the technical expert work that needs to be completed, including forensic digital, cryptocurrency-blockchain, and forensic accounting, (3) the substantial amounts of evidence that is in foreign languages (Russian, primarily) and needs to be translated, and (4) sheer size of the case the government proposes to present, in terms of witnesses and exhibits spanning at least three to four weeks. Under the defense's proposal, almost every week from September through December the parties will be working to meet deadlines so that the Court can adjudicate the parties' disputes in an orderly and timely manner, with a pretrial conference to occur in mid-December 2023, prior to the holidays. Of particular importance will be early rulings on the scope of Rule 404(b) evidence, because the government proposes to spend significant trial time presenting evidence about other alleged criminal conspiracies that do not relate directly to the money laundering charges here; it will be a massive waste of time and resources for the parties to prepare for substantial portions of the case that are excluded. The defense's proposal also builds in time for the Court to resolve any last-minute

disputes that may arise during the month of January 2024. By contrast, the government's proposal would commit the Court to reviewing all of the pretrial briefing and adjudicating disputes *during the holiday period*, from December 22, 2023 (the close of briefing) to January 8, 2024 (the pretrial conference). Obviously, an earlier pretrial conference in mid-December is going to benefit all involved—including chiefly the Court.

The defense has put in a great deal of thought into formulating its proposal and offers the following summary and reasons for the suggested deadlines:

- An early deadline for any superseding charges is necessary to ensure the schedule does not change and the defense proposes a deadline in the next month.

- In September, the defense proposes to file substantive motions so they can be adjudicated before other pretrial motions; this was the government's request, and the defense is happy to agree to it. The government objects to any litigation (or any significant trial preparation) in September or October because two of the three Assistant United States Attorneys (AUSAs) are scheduled to be in other trials during those two months. Of course, lead government counsel is not in trial. It should go without saying that the United States government is the most powerful litigant in the world and it has hundreds of AUSAs at its disposal. Unfortunately, the convenience of two individual AUSAs is not an appropriate reason to delay proceedings in this case for months while Mr. Vinnik remains in custody and while defense counsel enjoys no such luxuries; doing so would severely prejudice him.

- The defense requests that the government be ordered to make expert disclosures September 1, 2023, so that the defense has sufficient time to make rebuttal experts disclosures two months later, on October 30, 2023, and *Daubert* motions can be filed approximately two weeks later in mid-November. Two months to prepare expert disclosures is already extremely tight, and the recent changes to Rule 16's disclosure provisions support timely disclosure well in advance of trial. *See* Fed. R. Crim P. 16(a)(1)(G) ("The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence."). The government's proposal that the defense be forced to respond to multiple, complex expert disclosures in 30 days is unrealistic and unworkable.

- The defense proposes that the government disclose translations of any documents that it is required to turn over as part of the pretrial schedule by October 6, 2023. The defense anticipates there may be hundreds of such documents (including co-conspirator statements, the defendant's statements, exhibits, etc.). The defense is entitled to a meaningful opportunity to check the translations, of course. The faster the translations must be completed the more expensive they are. The defense is concerned that it simply will not be able to afford or obtain voluminous translations that must be ordered on an expedited basis over the holidays. As with most of the disclosure deadlines at issue, the government has been preparing its case since 2016, and after so many years it provides no reason or rationale why it cannot make disclosures in October so that the defense can afford to reasonably review and respond to them.

- The defense proposes that most pretrial disclosures including witnesses, exhibits, co-conspirator statements, Rule 404(b), as well as a discovery deadline, should occur at the end of October and beginning of November, so that the parties can file motions *in limines*

in mid-November and early December in advance of the pretrial conference on December 15, 2023. The defense's proposal would therefore complete all routine pretrial litigation before the holidays. Obviously, motions *in limine* and other pretrial briefing are traditionally addressed to exhibits and witnesses and related disclosures, so the disclosures must occur first to have a meaningful process. By contrast, the government proposes to turn over its witness and exhibit list, co-conspirator statements, and Rule 404(b) disclosures, less than a month before trial and *after* the completion of all pretrial briefing has occurred. That makes no sense and is sure to result in multiple rounds of belated pretrial litigation, frustrate the entire purpose of the pretrial conference, and ultimately delay the trial. Equally bad, the government's proposal commits the Court to reviewing all the briefing and then resolving them during the holiday period, from December 22, 2023 to January 8, 2024. The government's proposal to withhold discovery and *Jencks* materials (much of which may be in Russian) for dozens of witnesses until two weeks before trial is unworkable and also virtually guaranteed to force a motion to continue from the defense.

- Finally, the government refuses to agree to any deadline on disclosure of *Brady*, *Giglio*, and California Rule of Professional Responsibility 3.8(d)[1] materials. Numerous courts in this district have set such deadlines in advance of trial to guard against continuances, and in a case of this size where the government has had over seven years to prepare and the defendant remains in custody, there is no justification to allow tardy disclosures that risk delaying the trial.

This Court unquestionably enjoys ample authority to impose the schedule proposed by the defense. To ensure the orderly litigation of this case, this Court "can . . . set specific timelines to give meaning to the terms under its 'inherent power to manage its cases to ensure the fair and effective administration of the criminal justice system.'" *United States v. Walker*, No. 17-CR-00570-EMC, 2018 WL 3023518 at *1 (N.D. Cal. June 18, 2018) (quoting *United States v. W.R. Grace*, 526 F.3d 499, 512 (9th Cir. 2008)). In 2019, a new federal rule of criminal procedure was adopted, expressly authorizing the Court, upon the request of a party, to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." Fed. R. Crim. P. 16.1(b). Even before the adoption of Rule 16.1, however, it was "well established" that "all federal courts are vested with

---

[1] Rule 3.8(d) requires "timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows or reasonably should know tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." Cal. Rule of Prof'l Conduct 3.8(d). The Rule undisputedly applies to AUSAs and multiple courts in this district have set deadlines for early disclosure of exculpatory materials. *See, e.g., United States v. Abouammo*, No. 19-CR-00621-EMC, Dkt. 217; *United States v. Walker*, No. CR 17-00570-EMC, Dkt. 39, 2018 WL 3023518, at *1; *United States v. Williams*, No. 19-00341-CRB, Dkt. 93; *United States v. Valdez*, No. 18-CR-00608-JD, Dkt. 52; *United States v. Keller*, No. CR 18-CR-00462-VC, Dkt. 69; *United States v. Shafi*, No. 15-CR-582-WHO, Dkt. 219.

inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *W.R. Grace*, 526 F.3d at 509 (internal quotations and alterations omitted). "[W]ide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice." *United States v. Richter*, 488 F.2d 170, 173 (9th Cir. 1973).

The Court's power to manage its own cases and the litigation before it naturally includes the authority to order early disclosures for trial. In *W.R. Grace*, the Ninth Circuit approved a much more drastic order than is sought here. There, the district court ordered the government to disclose its witness list a full year in advance of trial because "the court believed that the deadline would bring the necessary focus and organization to ready the case for trial." 526 F.3d at 513. The Circuit held that the district court did not abuse its discretion by setting that early deadline. *Id.* This was a reasonable method for the court to manage its trial docket. *See id.* at 514-15. Nor did the district court abuse its discretion by excluding witnesses not disclosed before the deadline; this remedy "simply enforce[d] the earlier pretrial order requiring the timely identification of trial witnesses and documentary evidence." *Id.* at 514. In comparison to the far more sweeping order upheld in *W.R. Grace*, here the defense merely seeks a date certain for disclosure of materials the government agrees it must provide, in time for them to be fairly reviewed by the defense and effectively addressed in the *in limine* motions heard at the pretrial conference.

There are many examples of cases in this district in which early pretrial deadlines were ordered due to the complexity of the case. Today, in *United States v. Lynch*, the government agreed to disclose co-conspirators and a preliminary witness list *seven months* before trial, litigate substantive motions five months before trial, make Rule 404(b) disclosures five months before trial, serve final witness and exhibit lists approximately four months before trial, and file motions *in limine* two months before trial. *See* Ex. B (Scheduling Order). Notably, that case is also being defended by at least eleven lawyers at three large private law firms, who have appeared as retained counsel—not the Federal Public Defender. It also does not appear to involve significant technical experts or foreign language translations and the defendants are of course out of custody. In *United States v. Behm*, a two-week fraud trial set to begin in October 2023, Judge Chen ordered the

government over its objection to disclose all Rule 16 discovery (including expert disclosures) three months in advance of trial; the government was further ordered to turn over exhibits, witness lists, and other pretrial disclosures approximately three months before trial, and the pretrial conference itself is to be held two months before trial. *See* Ex. D (Pretrial Order). In that trial, in addition to being half the length of the government's estimated presentation in this case, there are no foreign language documents that require translation in that case, likely one anticipated expert on each side, and discovery that totals a tiny fraction of the overall discovery in this matter. Again, the defendants are out of custody. In *United States v. Depape*, a one-week assault trial set for November 2023, the government agreed to a deadline for Rule 16 discovery (except expert disclosures) as well as *Brady*, *Jencks*, and *Giglio* materials, three months before trial; and the government further agreed to disclose its witness and exhibit lists two months before trial. *See* Ex. E (Amended Pretrial Order). Here, again, that case and that trial is a tiny fraction of the size of the instant matter, there may well be no experts, and there are no translations at issue; it is a fairly short and straightforward assault case but the government still agreed to extended deadlines to facilitate orderly litigation and avoid any continuances because the defendant has been detained.

The cases cited by the government are easily distinguished. The Court is familiar with *United States v. Cutting*, and there the entire schedule was obviated because of the government's belated to decision to supersede and vastly expand the scope of the case. *Cutting* is not a good example. In addition, and just like *United States v. Sullivan*, discovery in that case was managed by multiple lawyers including teams at major, international law firms (Jones Day in *Cutting* and Covington & Burling and DLA Piper in *Sullivan*, among other firms). While *Cutting* and *Sullivan* are significant cases, the massive resource disparity, the complexity of the expert testimony and translations, and the fact that the defendants were all out of custody, renders them incomparable. The government also cites *United States v. Nikulin*, but there the defense agreed to the schedule of pretrial deadlines, and the trial lasted roughly a third as long as the one at bar. Plus, the government agreed to disclose exhibits and witnesses three months before trial—not one month before trial, as the government proposes here. None of these cases supports the government's proposed schedule here.

Finally, in fairness to Mr. Vinnik, it must be noted that not only has the government had since 2016 to prepare its case, notably, after Mr. Vinnik made his initial appearance in this district, the United States then delayed turning over discovery to the defense for approximately seven months, from July 2022 to February 2023—forcing the defense to obtain an order from the Court setting a deadline for the government to meet its most basic discovery obligations. No explanation or justification was ever proffered for the delay by the government. Now, the government is *still* maintaining the position that it is unable to meet its routine obligation to designate discovery as sensitive under the protective order because the discovery in this case is so voluminous that it would be overly burdensome for the United States to do so, even with all of its resources. Given that remarkable claim, the government is hardly in a position to propose a schedule that would be appropriate for a brief trial in a simple gun or drug case, not a massive money laundering case arising out of cryptocurrency and evidence that is largely in Russian.

## II.    Protective Order.

The defense regrets that this issue is still in dispute; it should not be. Defense counsel compromised and agreed to the government's proposals following the Court's tentative order in favor of the defendant concerning the restrictions in the protective order in order to resolve this matter. However, the government is now insisting on an entirely new provision in the protective order that is simply wrong on the law and unworkable for the defense. The government wants any and all third parties (including witnesses) to whom the defense discloses any discovery materials to sign and agree to be bound by the protective order. This makes no sense on at least three levels.

*First*, it is bedrock law that a protective order cannot bind nonparties. It only binds parties to the order over whom the Court affirmatively possesses jurisdiction. *See, e.g.*, *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1274 (10th Cir. 2010). In *Merrill Scott*, the S.E.C. apparently violated a protective order and shared protected documents belonging to an individual with the I.R.S. and Department of Justice (DOJ). *Id.* at 1266. The aggrieved party then sought relief, and DOJ argued "first, that because the U.S. Attorney/DOJ was not a party to the protective orders, it could not be bound or limited by them." *Id.* at 1274. That is a correct statement of the general rule and principle, although here DOJ does not appear to appreciate it. Indeed, the Circuit affirmed that basic

1   rule, citing prior precedents. *See id.* (citing *Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1119

2   (10th Cir. 2004) (en banc) (Kelly, J., concurring in part and dissenting in part), *reversed on other*

3   *grounds*, 545 U.S. 748 (2005)). Here, the government has not identified any rule or authority for the

4   notion that nonparties (or "third parties") may be bound by a protective order, irrespective of the

5   Court's limited power and jurisdiction, simply because they are provided with a copy of the order.

6   There is no such authority.

7        *Second*, the protective order here is not addressed to third parties. It contains no actual

8   language or specific restrictions addressed to third parties. Quite literally, a third party reading the

9   protective order would have no idea what he or she could or could not do under the protective order.

10  That is not at all surprising because protective orders do not bind nonparties, as discussed above.

11       *Third*, defense counsel is obviously in no position to advise a nonparty to the contrary or

12  request (let alone require) that they sign or agree to be bound by the protective order. Defense

13  counsel is Mr. Vinnik's attorney, not counsel to any third parties or witnesses. It would be unethical

14  for defense counsel to purport to give legal advice to any such persons. Undersigned counsel's

15  obligation is to assist Mr. Vinnik by preparing the defense of the case—and being saddled with a

16  nonsensical and invalid restraint when reviewing non-sensitive discovery with third parties

17  undermines the defense function.

18       A final point is worth making: the government wants third parties to be bound by the protective

19  order even as to discovery that is indisputably not sensitive in any way. The defense has repeatedly

20  invited the government to meet its routine discovery burden by identifying particular documents that

21  are sensitive and articulate any harm that would flow from their disclosure. It still has not done so.

22  Accordingly, there is absolutely no justification for any restriction on third parties as to non-sensitive

23  documents.

24       //

25       //

26       //

27       //

28       //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

June 29, 2023
Dated

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
DAVID RIZK
Assistant Federal Public Defender

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER VINNIK,<br><br>Defendant. | **Case No.:** 16-CR-227 SI<br><br>**[PROPOSED] ORDER RE: PRETRIAL DEADLINES** |

For the reasons stated on the record, the Court adopts the following schedule:

| | |
|---|---|
| Deadline for superseding indictment | July 15, 2023 |
| Government's expert disclosures due | September 1, 2023 |
| Substantive Rule 12 motions due | September 8, 2023 |
| Oppositions due | September 22, 2023 |
| Replies due | September 29, 2023 |
| Deadline for disclosure of foreign language and English translations documents that are subject to any later disclosure deadline | October 6, 2023 |
| Hearing on substantive motions | TBD |
| Rule 16 deadline | October 30, 2023 |
| Witness and exhibit lists, Rule 801(d)(2)(A), (E) and Rule 404(b) disclosures due | October 30, 2023 |
| Defense rebuttal expert disclosures due | October 30, 2023 |
| *Jencks, Brady, Giglio*, Cal. Rule of Prof'l Resp. 3.8(d) disclosures due | November 3, 2023 |
| *Daubert* motions, motions *in limine* due | November 17, 2023 |
| Oppositions to Daubert and motions *in limine* due | December 1, 2023 |

| Replies to Daubert and motions *in limine* due | December 8, 2023 |
|---|---|
| Pretrial conference statement, proposed jury instructions, proposed jury questionnaire and voir dire, proposed verdict form due | December 8, 2023 |
| Pretrial conference | December 15, 2023 |
| Jury Selection | February 5, 2023 |
| Jury Trial | February 5, 2023 |

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE SUSAN ILLSTON
Senior United States District Judge