**The New York Times**

| | |
|---|---|
| **Adam Goldman**<br>Reporter<br><br>T 202 862 0362<br>adam.goldman@nytimes.com<br><br>1627 I Street NW<br>Suite 700<br>Washington, DC 20006<br>nytimes.com | March 10, 2025<br><br>**VIA FEDEX**<br><br>Hon. Susan Illston<br>United States District Judge<br>Northern District of California<br>United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

      Re: Application to Unseal Plea Agreement in *United States v. Vinnik*, No. 3:16-cr-00227

Dear Judge Illston:

I am a reporter with *The New York Times*. Please consider this letter as an application for the Court to unseal the plea agreement in the matter of *United States v. Vinnik*, 3:16-cr-00227 (docket entry 123). I am not aware of any reason why the agreement should remain sealed: plea agreements are usually public, the case is over, and the agreement here is of great public interest.

By way of background, the plea agreement in the prosecution of Mr. Vinnik was filed on May 3, 2024, and was noted on the public docket. His decision to plead guilty was not a secret and was announced at a hearing in open court before Your Honor on May 3 (docket entry 126). In fact, the U.S. Attorney's Office issued a press release the same day touting his plea.[1]

The details of Mr. Vinnik's plea deal are of timely importance to my reporting. Prosecutors had accused Mr. Vinnik, a Russian national, of running a major cryptocurrency money-laundering operation. But last month, before he was sentenced, the government released him to Russia as part of an international prisoner swap.[2] Given the high-profile nature of Mr. Vinnik's release, the public has a particular interest in learning the full context of his conviction.

I understand that plea agreements have traditionally been available for anyone to view and that they are considered public judicial documents. And

---

[1] https://www.justice.gov/usao-ndca/pr/btc-e-operator-pleads-guilty-money-laundering-conspiracy
[2] https://www.nytimes.com/2025/02/12/world/europe/russia-us-prisoner-exchange-marc-fogel.html

1

**The New York Times**

because Mr. Vinnik's prosecution has now been dismissed, and he has returned home to Russia, I do not see any reason why his plea agreement should remain sealed—especially given the substantial public interest at hand.

Accordingly, I respectfully ask that the Court unseal Mr. Vinnik's plea agreement. If any party objects to this request, I would appreciate a chance to respond.

Sincerely,

*Adam Goldman*

Adam Goldman